# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| GALE C. HUTCHINSON, Jr., § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BILL WAYBOURN, Sheriff, § <br> Tarrant County, Texas, § <br> § <br> Respondent. § | Civil Action No. 4:17-cv-785-O |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Gale C. Hutchinson, Jr. ("Hutchinson"). Pet. 9, ECF No. 1. In response to the petition, Respondent Bill Waybourn has moved to dismiss. Mot. Dismiss, ECF No. 8. Hutchinson has not filed a response to the motion. After considering the pleadings and the relief Petitioner seeks, the motion to dismiss with exhibits thereto, and the applicable law, the Court grants the motion.

## I.    BACKGROUND

At the time he filed his § 2241 petition, Hutchinson was confined as a pretrial detainee in the Tarrant County Jail. Pet. 9, ECF No. 1. On November 9, 2017, Hutchinson was released from the Tarrant County Jail and transported to the Collin County Detention Facility. Mot. Dismiss, 3, Exs. A and B, 9–13 (Tarrant County Booking Summary, Collin County—inmate search for Gale Hutchinson), ECF No. 8. On November 6, 2017, Hutchinson pleaded guilty to two offenses of falsely holding oneself out as a lawyer. Mot. Dismiss, Exs. C and D, 15–19, (Judgments—cause numbers 1450346D and 1450350D) ECF No. 8. As part of Hutchinson's plea agreements, he waived all pretrial motions filed in his cases, waived all rights given him under the law, and entered a judicial confession admitting guilt to each of the offenses. Mot. Dismiss, Exs. E and F, 21–33 (Written Plea Admonishments—cause numbers 1450346 and 1450950) ECF No. 8. Hutchinson also agreed that

he had been provided fully effective and competent representation by counsel and was satisfied with his attorney's representation. Mot. Dismiss, Exs. E and F, 24–31, ECF No. 8.

## II. CLAIMS FOR RELIEF

In his § 2241 petition, Hutchinson contends that (1) his indictment does not contain his correct name; (2) he is being denied effective assistance of counsel because counsel refuses to request reduced bail, has not sought a bail hearing, and has acted unprofessionally; (3) he is being subjected to selective prosecution; and (4) he is being denied reasonable bail. Pet. 5–6, ECF No. 1.

## III. ANALYSIS

### A. Excessive Bond Claim

As noted above, Hutchinson has been convicted of the charges for which he was detained in the Tarrant County Jail. Hutchinson's convictions render his excessive bond complaints moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992) (en banc) (conviction renders moot claim challenging bail because the defendant is no longer subject to pre-trial confinement); *see also Delangel v. State*, 132 S.W.3d 491, 494 (Tex. App. – Houston [1st Dist.] 2004, no pet.) (*citing Henricksen v. State*, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973) (issues concerning excessive pre-trial bail are moot after conviction) (other citation omitted)). Thus, Hutchinson's excessive bond claim must be dismissed as moot.

### B. Pre-Trial Indictment, Ineffective Assistance, and Selective Prosecution Claims

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c); *see Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (footnote omitted). The records confirm that although

Hutchinson filed the § 2241 petition while state charges were pending, he subsequently pleaded guilty to all charges and was convicted. As Hutchinson is no longer a pretrial detainee, it is unnecessary to resolve the remaining issues presented in the § 2241 habeas petition. *See Wade v. Anderson*, No. 4:09-cv-684-Y, 2010 WL 930991 at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented"). Thus, Hutchinson's remaining claims in the § 2241 proceeding regarding the name on the indictment, ineffective assistance of counsel, and selective prosecution, must be dismissed as moot in this proceeding.

**IV.   ORDER**

For the reasons discussed herein, it is therefore **ORDERED** that Respondent's motion to dismiss (ECF No. 8) is **GRANTED**.

It is further **ORDERED** that Petitioner Hutchinson's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** as **MOOT**.

**SO ORDERED** on this **2nd day** of **August, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE